HEARD NOVEMBER TERM, 1878.

CASE No. 704.

THE STATE, EX REL. THOMAS L. COLEMAN, ADMINISTRATOR OF J. D. CRESSWELL, v. HENRY S. CASON ET AL.

1. A suit may be maintained upon a sheriff's official bond, without a previous order of court.

2. That plaintiff cannot bring an action without the authority of a previous order of court, is an objection that can be taken only before answer.

3. A judgment recovered against a sheriff, after the expiration of his term for moneys received while in office, is no bar to a subsequent action against the sheriff and the sureties on his official bond, jointly executed, alleging breaches generally and setting forth the recovery of this judgment against him, and his failure to pay the same.

4. The allegation of an unsatisfied judgment, which was recovered against a sheriff alone for moneys received by him in his official capacity, and converted, states a cause of action as against him and the sureties on his official bond, and is *prima facie* evidence against the sureties of a breach of the condition of such bond. *Cases cited*, and this case distinguished from *Smith* v. *Moore*, 7 *S. C.* 209.

5. Objections to the form of a complaint can be taken only by demurrer or answer.

6. Objections raised on appeal, but not resting upon exceptions duly taken in the court below, will not be considered.

Before NORTHROP, J., at Abbeville, September Term, 1877.

H. S. Cason gave his bond as sheriff of Abbeville county in August, 1868, with Charles W. Cowan and others, his sureties. His term of office expired in November, 1872. In January, 1869, Cason sold a lot of land under execution, and received the payment therefor. J. D. Cresswell, the plaintiff in this execution, moved for a rule against the sheriff requiring him to show cause why he had failed to pay over this money ; and the rule was issued and served in June, 1873. In answer the sheriff alleged facts and asked a trial by jury, which was granted by the court. J. D. Cresswell having died, the proceeding was prosecuted by Thomas L. Coleman, his administrator.

The case came to trial April Term, 1875, and a verdict was found for the plaintiff, Thomas L. Coleman, as administrator of

J. D. Cresswell, for the sum claimed, with interest from January 12th, 1869, to time of the verdict, and upon this verdict judgment was entered and costs amounting to $117 included.   Nothing upon this judgment was realized from the defendant, Cason, and the return of *nulla bona* was entered upon the execution. This suit was brought October 29th, 1875, on the official bond containing the usual condition, against H. S. Cason and his sureties.   At the trial, the court admitted the record of the judgment against Cason alone, as well as parol testimony against the other defendants.

The defendants asked that the following instructions be given to the jury :

1.  That no suit can be maintained upon the sheriff's bond without a previous order of court.

2.  That suit cannot be maintained against Henry S. Cason jointly with other defendants ; judgment having already been recovered on the same cause of action against H. S. Cason by J. D. Cresswell in his lifetime.

3.  That plaintiff cannot recover upon an allegation of judgment recovered against Henry S. Cason alone ; that the act of Henry S. Cason should be charged which renders his sureties liable.

4.  That the complaint should be dismissed as stating no cause of action against the defendants.

5.  That the demand for judgment for the penalty of the bond is irregular, and should have been only for the sum which it is alleged was received by H. S. Cason as sheriff.

6.  That a single breach of the bond should have been assigned.

These instructions were refused and defendants excepted.   The jury found a verdict for plaintiff for $1144.27, which included the principal, interest and costs in the case against Cason alone.

The defendants appealed from the judgment upon the grounds taken in their request to charge—and in appellant's argument the further position was taken, " that the liability of the sureties of the sheriff according to the bond is for the performance of his duty.   The obligation does not include costs in cases against him alone, nor accumulation of interest by compounding in judgments."

*Mr.*            , for appellant.

*Mr. J. S. Cothran,* for respondents.

April 14th, 1879.   The opinion of the court was delivered by

WILLARD, C. J.   The action is against the sheriff and his sureties on his official bond, for failure to pay money received on executions.   On the trial, which resulted in a verdict for plaintiff, the court refused certain requests to charge, and this refusal is the only ground of exception to the verdict.   The first request involved the proposition that no suit can be maintained upon the sheriff's official bond without a previous order of the court.   This objection is not well taken.   The statute (*Gen. Stat.* 215, § 11,) provides that "the bond of any public officer in this state may, at all times, be sued on by the public, any corporation or private person aggrieved by any misconduct of any such public officer."   The sheriff, in the execution of ordinary process, acts as a public officer, and is thus within the provisions of the statute.   The principle that the courts will not permit one acting under their immediate orders and supervision to be sued for such action, independently of a due control over such proceedings, is inapplicable to such a case.   If the objection had been valid it could not have been taken by way of charge. · The time to raise the question would have been before the defendant had answered, as it involved the question of his obligation to answer.   If, however, he submits to answer, the court would presume an order when necessary and not permit that fact to be put in issue in the cause.

It is objected that a recovery having been had against the sheriff for the misconduct alleged, he cannot be joined in the action on the official bond.   Even if pleaded properly, which it was not, this is not a defence.   The bond is a different cause of action from that on which the judgment was recovered.   The bond is alleged as a joint bond, and the sheriff, as one of the joint obligors, was a proper party.

The next proposition is, that the plaintiff cannot recover upon an allegation of judgment recovered against Henry S. Cason alone, and that the act of Henry S. Cason should be charged, which rendered his sureties liable.   The last part of this propo-

sition is contradictory to the complaint, which does allege the fraudulent withholding of money collected under execution. The first part of the proposition was equally objectionable. It appears from the brief that the record of the recovery against Cason, the sheriff, was only admitted on the trial as against him, and that parol testimony was submitted as against the sureties. The record of the recovery against the sheriff was clearly admissible against his sureties without previous proof of notice of the pendency of the suit against the sheriff and an opportunity to defend the same, and was *prima facie* evidence of a breach of the condition of the bond. *Treasurers* v. *Temples*, 2 *Spears* 48; *Treasurers* v. *Burch*, 2 *Hill* 519; *Norton* v. *Wallace*, 1 *Rich*. 507; *S. C.*, 2 *Rich*. 460. Cases arising on official bonds stand on a different principle from those that were discussed by this court in *Smith* v. *Moore*, 7 *S. C.* 209. In the class of cases there considered, the surety or administrator was to be considered as in some sense interested, directly or indirectly, in the subject matter of the action against the principal or party indemnified, and, as such, should not be bound by such judgment unless an opportunity had been afforded him to protect such interest. Hence the necessity for notice and an opportunity to defend. The contract of the surety on an official bond has reference to the general conduct of the officer within the sphere of his office, and not to his particular conduct in cases and transactions that should arise in the discharge of his official duties, and therefore they have no concern or interest to protect in an action brought against such public officer by one aggrieved by his misconduct. The law presumes that a judgment recovered against the principal rests on sufficient grounds of proof, but allows that presumption to be rebutted by proper evidence. It does not appear that any evidence rebutting such presumption was submitted to the jury in the present case, and therefore it was competent to rest the verdict on such judgment as proof of official misconduct. The objection that the complaint does not state a cause of action, has no foundation.

The fifth and sixth requests to charge relate to matter waived by failure to demur or answer.

An objection was discussed in the argument on the ground

that the verdict should not have included costs recovered against the sheriff, but no such exception appears on the record, showing a defect in the charge in that respect, and it cannot be considered.

The appeal must be dismissed.

Appeal dismissed.

McIVER and HASKELL, A. J.'s, concurred.